NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NICHOLAS ORAL MORN, *Appellant.*

No. 1 CA-CR 25-0047

FILED 11-14-2025

Appeal from the Superior Court in Mohave County
No.  S8015CR202201151
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Harris & Winger, PC, Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1        Nicholas Oral Morn appeals his conviction and sentence for one count of misconduct involving weapons.  Morn's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating counsel has searched the record on appeal and "found no arguable question of law that is not frivolous." Counsel requests we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  We allowed Morn to file a supplemental brief *in propria persona*, but he did not do so.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On September 15, 2022, a witness reported a shooting near the Dolan Springs area in Mohave County.  Two Mohave County Sheriff's Office deputies arrived soon after.  Minutes later, Morn and his wife walked over to the officers.

¶3        Morn admitted firing a handgun, allegedly to scare off a coyote.  Morn directed one of the deputies to the gun which was stuffed underneath a mattress in his trailer.  Morn admitted he had a prior felony conviction from Nevada but said he believed his right to carry a gun had been restored.

¶4        After the deputies determined Morn's rights had not been restored, he was arrested.

¶5        Morn was charged with one count of misconduct involving weapons, a class 4 felony.  After a two-day jury trial, at which Morn did not appear, Morn was found guilty as charged.  The court sentenced Morn to a slightly mitigated sentence of two years' imprisonment and credited him for thirty-five days' presentence incarceration.

**¶6** We have appellate jurisdiction over Morn's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033.

## DISCUSSION

**¶7** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict, and the sentence was within the statutory limits. Morn was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with Morn's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶8** Upon filing of this decision, Morn's counsel shall inform him of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Morn has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9** We affirm Morn's conviction and sentence.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR